CHARLES J. GROVES *vs.* JOSEPH S. WILSON & another.

Suffolk.     March 3, 1897. — May 20, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Liability as General or Special Partner — Statute.*

A partnership composed of A., B., and C., under the name of A., B., and Company, was dissolved, and a limited partnership under the same name was formed, A. being named as special partner, and B. and C. as general partners. The provisions of law relating to limited partnerships were complied with, and the new firm succeeded to the business of the old. *Held,* in an action against A. on a promissory note given by B. in the firm's name, without the knowledge of A. or C., that by Pub. Sts. c. 75, as modified by St. 1887, c. 248, the name of A. could form part of the name of the limited partnership without making him liable as a general partner.

CONTRACT, upon a promissory note. The plaintiff, who was the holder thereof in good faith and for value, attempted to hold

the defendant Wilson, who was the special partner in a limited partnership, as a general partner, for failure to comply with the statutes exempting him from general liability. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

For some time before June 10, 1887, the defendant Wilson, and one Cassells and one Hareson, were general copartners under the name of Wilson, Cassells, and Company, having their place of business in Boston when the firm was dissolved, and the same parties formed a limited partnership under the same name. Cassells and Hareson were named in the articles of copartnership as general partners, and the defendant Wilson as special partner; their place of business remained as before, and the sign over it was the same as had heretofore been used under their general copartnership. The new firm succeeded to the business of the former one, having the consent of all the members of the firm thereto, if said members were legally able to give such consent. All the provisions of the statutes relating to limited partnerships were duly complied with, unless the facts above set forth show a failure so to comply.

The partnership having become unsuccessful in business, Cassells, without the consent and knowledge of the other partners, borrowed four hundred dollars of one Stetson, and gave a promissory note therefor signed Wilson, Cassells, and Company, and then used the funds for his own personal purposes.

If the defendant Wilson at the time of giving the note was liable as a general partner for the amount thereof in the firm of Wilson, Cassells, and Company, judgment was to be entered against him for the amount of the note and interest; otherwise, the judgment for him was to be affirmed.

*S. L. Whipple,* for the defendant Wilson.

*F. S. Hesseltine,* (*R. R. Gilman* with him,) for the plaintiff.

BARKER, J. Limited partnerships are regulated in this Commonwealth by the provisions of Pub. Sts. c. 75, and of St. 1887, c. 248. By a clause of Pub. Sts. c. 75, § 3, if the name of a special partner was used in the firm name, he was made liable as a general partner, unless the name of the special partner so used was his surname, and was also the surname of a

general partner. But the limited partnership in which the defendant Wilson was a special partner, and in the name of which his surname appeared, was formed after the passage of St. 1887, c. 248, the first section of which allows such a partnership which succeeds to the business of a former firm to adopt and use the name of such firm, instead of the name prescribed by Pub. Sts. c. 75, § 3, with the consent of the members of the former firm, which consent was given in the present case.

The plaintiff contends that, while the later statute made it lawful for the new firm to have the name of the old, yet the provision of the former statute making the special partner whose name appeared in the name of the limited partnership liable as a general partner was not specifically repealed, and makes the defendant Wilson liable as a general partner.

The language of St. 1887, c. 248, is general, and includes the case of a limited partnership formed to succeed to the business of a former firm, where the same persons compose the two firms, and one or more of them become special partners in the new firm. We must take this permission of St. 1887, c. 248, § 1, with the fourth section of the same statute, amending Pub. Sts. c. 75, § 12, as to the liability of special partners, and with the fifth section repealing so much of Pub. Sts. c. 75, as is inconsistent with St. 1887, c. 248. The result is, that when the use of the name of a special partner in the name of a limited partnership is authorized by St. 1887, c. 248, § 1, there is a plain implication in the fourth section of that statute that the special partner is not liable as a general partner. This implication is to be given effect by holding that the provisions of Pub. Sts. c. 75, § 3, are in that respect modified by the later statute, the repeal extending to such cases, but leaving the provision of Pub. Sts. c. 75, § 3, to operate in cases where the use in the name of the limited partnership of the name of a special partner is not authorized by the two statutes construed together.

*Judgment affirmed.*